■ GUILFORD DEVELOPMENT CORP., Respondent, v. McCRORY CORPORATION, Appellant.— Order, entered December 1, 1964, denying defendant's motion for summary judgment, unanimously reversed, on the law, with $30 costs and

disbursements to defendant-appellant, and defendant's motion for summary judgment dismissing the complaint granted, with $10 costs. In this action to compel specific performance of a 20-year lease or in the alternative for damages, it appears that the lease was for a store to be erected by plaintiff in a contemplated shopping center in Guilford Township, Pennsylvania. The lease specifically provided that the tenant was not obligated under the lease until the opening for business in the shopping center of a supermarket by Food Fair, Inc. Moreover, the lease also gave the tenant the privilege of canceling the lease if the landlord had not procured bona fide, firm leases of store premises for three described tenancies (which included a bank and a family shoe store) before a certain date. As to the latter provision, it is indisputable that the tenant herein cancelled the lease after the time fixed for the landlord to produce a bank tenancy. The required lease of a family shoe store never materialized. Since the lease was still in the executory stage, assuming as one must that the time limitations were waived, the failure to comply with the condition at any time as to the additional shoe store tenancy gave the defendant an absolute power to cancel. Moreover, Special Term erred in finding a triable issue as to the failure to obtain a lease of a supermarket from Food Fair, Inc. Plaintiff admitted that it had not obtained Food Fair as a lessee. It claimed, however, that defendant had acquiesced in and approved the substitution of another supermarket tenant — Acme Markets — for Food Fair. Any evidence as to such prior oral arrangements contrary to the express terms of the lease would be inadmissible under the parol evidence rule. There are no elements of estoppel which could be invoked by plaintiff. Since there were no bona fide triable issues raised, summary judgment should have been granted to defendant. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.